**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware

Case number (*If known*): _____ Chapter 15

☐ Check if this is an
amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).**

| | |
|---|---|
| 1. **Debtor's name** | Papaya Gaming Inc. |

2. **Debtor's unique identifier**

**For non-individual debtors:**

☑ Federal Employer Identification Number (EIN)  3  2 –0  5  3  3  6  4  9

☐ Other _____. Describe identifier _____.

**For individual debtors:**

☐ Social Security number:  xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN): **9** xx – xx – ____ ____ ____ ____

☐ Other _____. Describe identifier _____.

3. **Name of foreign representative(s)**

Oriel Bachar

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**

Proceeding under Part J of the Israeli Insolvency and Financial Rehabilitation Law, 5778-2018, pending in the District Court of Tel Aviv, Israel, Case No. 87154-07-26

5. **Nature of the foreign proceeding**

*Check one:*

☐ Foreign main proceeding
☐ Foreign nonmain proceeding
☑ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
Board resolutions appointing the foreign representative and certified translations of the Israeli court docket and court order entered on August 1.

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
☑ Yes

Debtor    Papaya Gaming Inc._____    Case number *(if known)*_____
                    Name

8.  **Others entitled to notice**    Attach a list containing the names and addresses of:

   (i)    all persons or bodies authorized to administer foreign proceedings of the debtor,

   (ii)   all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this
          petition, and

   (iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

9.  **Addresses**

   **Country where the debtor has the center of its main interests:**

   Israel_____

   **Debtor's registered office:**

   8 The Green, Suite A_____
   Number      Street

   _____
   P.O. Box

   Dover_____ DE    19901
   City          State/Province/Region    ZIP/Postal Code

   US_____
   Country

   **Individual debtor's habitual residence:**

   _____
   Number      Street

   _____
   P.O. Box

   _____
   City      State/Province/Region    ZIP/Postal Code

   _____
   Country

   **Address of foreign representative(s):**

   35 HaMasger St._____
   Number      Street

   _____
   P.O. Box

   Tel Aviv-Yaffo_____ 67    21407
   City      State/Province/Region    ZIP/Postal Code

   Israel_____
   Country

10. **Debtor's website** (URL)    https://www.papaya.com/_____

11. **Type of debtor**

   *Check one:*

   ☑  Non-individual (*check one*):

      ☑  Corporation.  Attach a corporate ownership statement containing the information
         described in Fed. R. Bankr. P. 7007.1.

      ☐  Partnership

      ☐  Other.  Specify: _____

   ☐  Individual

Debtor    Papaya Gaming Inc. _____    Case number (*if known*)_____
_____
Name

**12.** **Why is venue proper in *this district*?**

Check one:

❑ Debtor's principal place of business or principal assets in the United States are in this district.

❑ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

☑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

Debtor is incorporated in this District and its parent commenced Ch. 15 in this District.

**13.** **Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✘ /s/ Oriel Bachar _____    Oriel Bachar _____
Signature of foreign representative        Printed name

Executed on    08/02/2026 _____
MM  / DD / YYYY

✘ _____    _____
Signature of foreign representative        Printed name

Executed on    _____
MM  / DD / YYYY

**14.** **Signature of attorney**

✘ /s/ Stanley B. Tarr _____    Date    08/02/2026 _____
Signature of Attorney for foreign representative        MM  / DD / YYYY

Stanley B. Tarr _____
Printed name
Blank Rome LLP _____
Firm name
1201 N. Market St, Suite 800 _____
Number      Street
Wilmington _____    DE    19801 _____
City                                State        ZIP Code

(302) 425-6400 _____    stanley.tarr@blankrome.com _____
Contact phone                        Email address

5535 _____    DE _____
Bar number                        State

Official Form 401    Chapter 15 Petition for Recognition of a Foreign Proceeding    page 3

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 15 |
| Papaya Gaming Ltd., *et al.*,[1] | Case No. [•] |
| Debtors in a foreign proceeding. | (Joint Administration Requested) |

**LISTS AND STATEMENTS FILED**
**PURSUANT TO BANKRUPTCY RULE 1007(A)(4)**

Oriel Bachar, in his capacity as a duly authorized foreign representative (the "Foreign Representative") of Papaya Gaming Ltd. ("Papaya Israel") and Papaya Gaming Inc. ("Papaya US," and together with Papaya Israel, the "Debtors"), each of which is subject to the proceeding commenced under the Insolvency and Financial Rehabilitation Law, 5778-2018 of Israel and Insolvency and Economic Rehabilitation Regulations, 5779-2019 of Israel pending before the District Court of Tel Aviv, Israel (the "Israeli Court"), Case No. 87154-07-26, hereby files the following statements and lists in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure of the United States, which provides:

> In addition to the documents required under §1515 of the Code, a foreign representative filing a petition for recognition under chapter 15 shall file with the petition: (A) a corporate ownership statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in

---

[1] The Debtors in these Chapter 15 proceedings, together with the last four digits of their business number or employee identification number, as applicable, are: Papaya Gaming Ltd. (2095); and Papaya Gaming Inc. (3649). The location of the Debtors' headquarters and Foreign Representative's contact address is 35 HaMasger St., Tel Aviv-Yaffo 6721407, Israel.

which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under §1519 of the Code.

Fed. R. Bankr. P. 1007(a)(4).

**Corporate Ownership Statement:**

As of the date hereof, the following individuals or entities own 10% or more shares of

Papaya Israel:

| | |
|---|---|
| NFX Capital Fund I, LP | 28.169% |
| Alex Liakhovetsky | 16.644% |
| Andrey Birman | 16.323% |
| Oriel Bachar | 17.048% |

As of the date hereof, Papaya Israel is the 100% owner of Papaya US.

**Custodian in the Foreign Proceeding Respecting Debtor:**

Oriel Bachar
35 HaMasger St.
Tel Aviv-Yaffo 6721407
Israel

**Litigation Parties in the United States:**

All parties to litigation pending in the United States in which the Papaya Israel and

Papaya US are a party when the petition was filed is listed in **Exhibit A** attached hereto.

**Entities Against Whom Provisional Relief is Sought Under 11 U.S.C. § 1519:**

All entities against whom provisional relief is being sought under section 1519 of Title 11

of the United States Code are listed in **Exhibit B** attached hereto.

*[Remainder of Page Intentionally Left Blank]*

- 2 -

I, Oriel Bashar, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America that the information set forth above is, to the best of my knowledge, information and belief, complete and correct.

Executed on August 2, 2026

/s/ Oriel Bachar
Oriel Bachar
Foreign Representative

158612562

**Exhibit A**

| Case | Party Name | Address |
|---|---|---|
| *Skillz Platform Inc. v. Papaya Gaming Ltd.*, <br><br> Case No. 1:24-cv-01646-DLC (S.D.N.Y.) | Skillz Platform Inc. | KING & SPALDING <br> 1290 Avenue of the Americas <br> Floor 14 <br> New York, NY 10104 <br><br> Attn: Amy K. Nemetz; Barry A. Kamar; Curtis R. Crooke; Kathleen E. McCarthy; Lazar Pol Raynal; Michael A. Lombardo; Craig Carpenito <br><br> Email: anemetz@kslaw.com; bkamar@kslaw.com; curtis.crooke@kslaw.com; kmccarthy@kslaw.com; lraynal@kslaw.com; mlombardo@kslaw.com; ccarpenito@kslaw.com |
| *Kelly-Starkebaum v. Papaya Gaming Ltd.*, <br><br> Case No. 1:24-cv-02310-DLC (S.D.N.Y.) | Brenna Kelly-Starkebaum | BURNS CHAREST LLP <br> 201 St. Charles Avenue <br> Suite 2900 <br> New Orleans, LA 70170 <br><br> Attn: Amanda Klevorn <br> Email: aklevorn@burnscharest.com <br><br> BURNS CHAREST LLP <br> 757 Third Ave <br> Suite 20th Floor <br> New York, NY 10017 <br> Attn: Cristina R. Delise <br> Matthew S. Tripolitsiotis <br><br> Email: cdelise@burnscharest.com; mtripolitsiotis@burnscharest.com <br><br> WHITEFORD, TAYLOR & PRESTON LLP <br> 1021 E Cary Street <br> Suite 2001 <br> Richmond, VA 23219 <br><br> Attn: Spencer M. Lee Cox <br><br> Email: scox@whitefordlaw.com |
| *Barcelo v. Papaya Gaming Ltd.*, <br><br> Case No. 24-STCV-32626 (Cal. Sup. Ct. Los Angeles Cty.) | Jane Barcelo | PHILLIPS GROSSMAN, PLLC <br> 280 S. Beverly Drive, PH Suite <br> Beverly Hills, CA 90212 <br><br> Attn: Alex R. Straus <br> Milberg Coleman Bryson <br><br> Email: astraus@milberg.com |

| | | |
|---|---|---|
| *Pavlovich v. Papaya Gaming Ltd., et al.*<br><br>*Case No. 26-STCV-11434* (Cal. Sup. Ct. Los Angeles Cty.) | Dawn Pavlovich | Matthew J. Geragos<br>Geragos Law Group<br>700 N. Brand Blvd., Suite 1180<br>Glendale, CA 91203<br>Tel: (213) 232-1363<br>Fax: (888) 800-2949<br>Email: matthew@geragoslaw.com<br><br>Reza Sina<br>Sina Law Group<br>3727 W. Magnolia Blvd., #277<br>Burbank, CA 91505<br>Tel: (310) 957-2057<br>Email: reza@sinalawgroup.com |

158612562

**Exhibit B**

| Party | Attn: | Address 1 | Address 2 | Email |
|---|---|---|---|---|
| Adikteev SA | Emilien Eychenne Taoufik Lazrak Nadya Krytsyna | 51 rue Saint Georges, 75009 Paris, France | | emilien@adikteev.com taoufik@adikteev.com |
| Adjoe GmbH | Jessica Banunaek Jonas Thiemann | An der Alster 42, 20099 Hamburg Germany | | jessica@adjoe.io jonas@applike-group.com |
| Adlogic Technology Pte. Ltd. (d/b/a Integral) | Hector Almeida | 16 Collyer Quay, #13-10/30, Collyer Quay Centre, Singapore 049318 | | hector@mintegral.com |
| Affle MEA FZ-LLC (d/b/a Revx) | Divya Bhargava Martje Abeldt | 351 Floor 3, Dubai Internet City Building 17, United Arab Emirates | | divya.bhargava@revx.io martje@revx.io |
| Almedia GmbH | Moritz Holländer | Krausenstraße 9-10, 10117 Berlin | | moritz@almedia.co |
| App Samurai Inc | Faheem Saiyad | The Farm Soho, 447 Broadway, 2nd & 3rd Floor, New York, NY 10013 | | faheem@appsamurai.com |
| Apple Search Ads (Apple Inc.) | Advertising Platforms Legal Counsel; Julian Cornwell; Jack Rands | One Apple Park Way, Cupertino, CA 95014, USA | | jchenghecornwell@apple.com Jack_rands@apple.com |
| AppLovin | Anastasia Galitskaia | 1100 Page Mill Road, Palo Alto, CA 94304 | | anastasiia.galitskaia@applovin.com |
| Aragon Advertising, LLC | Ahmad Saad; Braeden Lunge | 66 Mineola Avenue #1355, Roslyn Heights, NY 11577, US | | asaad@aragonpremium.com blunge@aragonpremium.com |
| Astronomer, Inc. | Matt Saunders Will Chivers | 54 West 21st Street, 11th Floor, New York, NY 10010, United States | | matt.saunders@astronomer.io will.chivers@astronomer.io |
| Avalara, Inc. | Lucia Popovicova | 512 South Mangum Street, Suite 100 Durham, NC 27701 | | lucia.popovicova@avalara.com |
| Bank Leumi | Moran Aizikovich | 54 Ahad Haam St. Tel Aviv 6520216, Israel | | Moran.Aizikovich@bankleumi.co.il |

158612562

| Party | Attn: | Address 1 | Address 2 | Email |
|---|---|---|---|---|
| Besitos Corporation LLC (d/b/a KashKick) | Monika Raszowska | 615 Channelside Dr Ste 207 Tampa, FL 33602 US | | monika@kashkick.com |
| Brenna Kelly-Starkebaum | Amanda Klevorn | BURNS CHAREST LLP | 201 St. Charles Avenue Suite 2900 New Orleans, LA 70170 | aklevorn@burnscharest.com |
| Brenna Kelly-Starkebaum | Cristina R. Delise Matthew S. Tripolitsiotis | BURNS CHAREST LLP | 757 Third Ave Suite 20th Floor New York, NY 10017 | cdelise@burnscharest.com; mtripolitsiotis@burnscharest.com |
| Brenna Kelly-Starkebaum | Spencer M. Lee Cox | WHITEFORD, TAYLOR & PRESTON LLP | 1021 E Cary Street Suite 2001 Richmond, VA 23219 | scox@whitefordlaw.com |
| Brown Boots Inc | Lenny Rabin | 1917 Farrell Ave. B Redondo Beach, CA 90278 | | lenny@brownboots.co |
| Buzzery | Rich Fatigate; Sarah Prediger | 111 E Atlantic Ave, Suite 200, Delray Beach, FL 33444, | | rich@launchpotato.com sarah@launchpotato.com |
| Capital One, N.A. | Adam Lindenmuth | 15000 Capital One Drive, Richmond, VA 23238 | | adam.lindenmuth@capitalone.com |
| Clear Link Technologies, LLC (d/b/a The Penny Hoarder) | Curt Dailey | 42 E Future Way, Draper, UT 84020, USA | | curt@thepennyhoarder.com |
| Cursor, Ai Powered | Noah Wadhwani | 801 West End Avenue new york | | nwadhwani@cursor.com |
| Cybersource (CyberSource Corporation) | Cybersource Legal; Gary Beck | Post Office Box 8999, San Francisco, CA 94128-8999 USA | | gabeck@visa.com Legal-Requests-cybs@visa.com |
| Datadog | Amit Hananya | 620 8th Avenue 45th Floor New York, NY 10018-1741 USA | | amit.hananya@datadoghq.com |
| Dawn Pavlovich | Matthew J. Geragos | Geragos Law Group | 700 N. Brand Blvd., Suite 1180 Glendale, CA 91203 | matthew@geragoslaw.com |
| Deep Note | Marc Delacroix | 651 N. Broad Street Suite 206 Middletown, DE 19709 | | marc@deepnote.com |
| DocuSign | Manuela Simon | 5 Hanover Quay Grand Canal Dock Dublin \| D02 VY79 Ireland | | manuela.simon@docusign.com |

158612562

| Party | Attn: | Address 1 | Address 2 | Email |
|---|---|---|---|---|
| Exmox GmbH | Begüm Sara Yalcinkaya Kate Zabo | Rödingsmarkt 39, 20459 Hamburg Germany | | beguem.yalcinkaya@exmox.com kate.zabo@exmox.com |
| First Citizens Bank & Trust Company | Chris Leary | 75 N. FAIR OAKS AVENUE PASADENA, CA US 91103 | | cleary@svb.com |
| Fivetran Inc. | William Martin | 1221 Broadway, Suite 2400 Oakland CA 94612 United States | | william.martin@fivetran.com |
| Fluent, Inc. | Ryan Schulke | 300 Vesey Street, 9th Floor, New York, NY 10282, USA | | rschulke@fluentco.com |
| GitHub, Inc. | Support team | 88 Colin P. Kelly Jr. Street San Francisco, CA 94107 | | support@github.com |
| GoodBay | Kasey O'Donnell | 7500 Rialto Blvd, Bldg 1, Ste 250, Austin TX 78735 | | kasey.odonnell@intouchcx.com |
| Jane Barcelo | Alex R. Straus Milberg Coleman Bryson | PHILLIPS GROSSMAN, PLLC | 280 S. Beverly Drive, PH Suite Beverly Hills, CA 90212 | astraus@milberg.com |
| Meshpay US Inc. | Shalev Malka | 225 W 35th St., Floor 11 New York, NY US 10001 | | shalev.malka@meshpayments.com |
| Mistplay Inc. | Ronald Cain | 1001 Blvd Robert-Bourassa, Canada | | ronald.cain@mistplay.com |
| Moloco | Ben Jeger | 601 Marshall St, 5th Floor Redwood City CA 94063 United States | | ben.jeger@moloco.com |
| Money Group LLC | Karl Modl | Metro Office Park, Building 7, Calle 1, Suite 204, Guaynabo, PR 00968 | | karl@money.com |
| Nuvei Financial Services Limited) (d/b/a Nuvei (UK) | Einav Segal | 5th Floor One Smart's Place, London, WC2B 5LW, United Kingdom | | Einav.Segal@nuvei.com |
| Nuvei Technologies Inc (d/b/a Nuvei) | Einav Segal; Steve Miller; Don Westcott | 1375 N Scottsdale Rd, Suite 400, Scottsdale, AZ 85257, USA | | Einav.Segal@nuvei.com |

158612562

| Party | Attn: | Address 1 | Address 2 | Email |
|---|---|---|---|---|
| PayPal UK Ltd d/b/a Paypal (UK) | Kobi Mizrahi | 5 Fleet Place, London EC4M 7RD, United Kingdom | | komizrahi@paypal.com |
| PayPal, Inc. (d/b/a Paypal (US)) | Kobi Mizrahi; Shailaja Pangam | 2211 North First Street, San Jose, CA 95131, USA | | komizrahi@paypal.com; spangam@pappal.com |
| Relia Sourcing | Amir Borsok | 101 Mother Ignacia Ave, Diliman, Quezon City, 1103 Metro Manila Philippines | | amir@reliasourcing.com |
| Salesforce (Slack) | Or Chacham | Salesforce Tower, 60 R801, North Dock Dublin Ireland | | ochacham@salesforce.com |
| Samsung | David Bitton Maya Lipkin Vasishta Atmuri | 129 Samsung-ro, Yeongtong-gu, Suwon-si, Gyeonggi-do, 16677, Republic of Korea | | David.bitton@samsung.com Maya.lipkin@samsung.com V.atmuri@smasung.com |
| Skillz Platform Inc. | Amy K. Nemetz; Kathleen E. McCarthy; Lazar Pol Raynal; Michael A. Lombardo; Craig Carpenito | KING & SPALDING | 1290 Avenue of the Americas Floor 14 New York, NY 10104 | anemetz@kslaw.com; kmccarthy@kslaw.com; lraynal@kslaw.com; mlombardo@kslaw.com; ccarpenito@kslaw.com |
| SMADEX S.L.U. | Philip Gontier | Diputació 303, planta 1. CP 08009. Barcelona. España., Spain | | philip.gontier@smadex.com |
| Snap Group Limited | Ori Meiry | 50 Cowcross st. London EC1M 6AL United Kingdom | | ori@snapchat.com |
| Snowflake Computing Netherlands B.V. | Judit Daniel | Gustav Mahlerlaan 300-314, 1082 ME Amsterdam, The Netherlands | | judit.daniel@snowflake.com |
| Strac | Aatish Mandelecha | 1400 112th AVE SE STE#100 BELLEVUE WA 98004 | | atishm@strac.io |
| Stream | Joren Straatman | 1215 Spruce Street Suite 300, Boulder, CO 80302 | | joren.straatman@getstream.io |
| SVB (Silicon Valley Bank) | Merchant Services; Juliana Hartojo | 3003 Tasman Drive, Santa Clara, CA 95054, USA | | jhartojo@svb.com |

158612562

| Party | Attn: | Address 1 | Address 2 | Email |
|---|---|---|---|---|
| TikTok Pte. Ltd. | Michael Levy | 1 Raffles Quay #26-10, Singapore (048583) | | michael.levy@bytedance.com |
| TokenX (Ixopay Inc.) | Brie O'Brien | 333 E Main Street #396 Lehi, UT 84043 United States | | b.obrien@ixopay.com |
| Twillio Inc. | Thomas Pereira | Twilio Inc. 101 Spear Street, 5th Floor San Francisco, CA 94105 | | tpereira@twilio.com |
| Twitter International Unlimited Company | Roey Bayer Neta Sapir | X Internet Unlimited Company, One Cumberland Place, Fenian Street, Dublin 2, D02 AX07, Ireland | | rbayer@x.ai nsapir@x.ai |
| Unity | Robert Morgan Ashley Navon | 116 New Montgomery Street San Francisco, California, 94105 United States | | robert.morgan@unity3d.com Ashely.b@unity3d.com |
| Verifi (Verifi Inc) | Stephen Kennedy | 5670 Wilshire Blvd., Suite 2500, Los Angeles, CA 90036 USA | | stkenned@visa.com |
| Vibe Advertising Inc | Alexandre Pham | 1411 Broadway, Floor 16, New York, NY 10018 USA | | alexandre.pham@vibe.co |
| Vungle SEA Pte. Ltd. (d/b/a Liftoff) | Shelley Wilson Quynh Le | 6 Shenton Way #38-01 OUE Downtown 1 Singapore 068809 | | swilson@liftoff.io qle@liftoff.io |
| Worldpay (UK) Limited (d/b/a WorldPay (UK)) | Kelsey Foltz | The Walbrook Building, 25 Walbrook, London EC4N 8AF | | Kelsey.Foltz@worldpay.com |
| Worldpay Gaming Solutions, LLC (d/b/a Worldpay) | General Counsel/Legal Department; Kelsey Foltz | 8500 Governors Hill Drive, Symmes Township, OH 45249-1384, USA | | Kelsey.Foltz@worldpay.com |
| Zendesk | Lital Ami | 81 Fremont St 17th Floor San Francisco, CA 94105 | | lital.ami@zendesk.com |
| IPapi | | 1887 Whitney Mesa Dr #4080, Henderson, NV 89014 | | support@ipapi.com |
| IP quality score | | 600 Brickell Ave Suite 3500, Miami, Florida 33131, United States | | billing@ipqs.com |

158612562

| Party | Attn: | Address 1 | Address 2 | Email |
|---|---|---|---|---|
| MongoDB | | Building Two, Number One Ballsbridge, Ballsbridge, Dublin 4, Ireland | | sales@mongodb.com |
| Retool | Steven Rees-Pullman | 1550 Bryant Street, Suite 200, San Francisco, CA 94103, United States of America | | srp@retool.com |

158612562

**ACTION BY WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS**
**OF PAPAYA GAMING INC.**
July 28, 2026

Pursuant to Sections 141(f) and 144 of the General Corporation Law of the State of Delaware, as amended, the undersigned, being all of the members of the Board of Directors (the "***Board***") of Papaya Gaming Inc., a Delaware corporation (the "***Company***"), hereby consent in writing to the adoption of the following resolutions (the "***Resolutions***") and to the taking of the corporate action set forth therein without a meeting of the Board:

**APPROVAL OF ISRAELI RESTRUCTURING PROCEEDINGS**

**WHEREAS**, the Board has reviewed and considered the following:

- The presentations by the Company's management and professional advisors, including legal counsel, regarding the liabilities and liquidity of the Company and the strategic alternatives available to it;

- The proposed debt arrangement ("***Debt Arrangement***") to address the Company's outstanding liabilities;

- The information and advice previously provided to and reviewed by the Board; and

- The related matters reported on at meetings of the Board on and before the date hereof;

**WHEREAS**, the Board has had the opportunity to consult with the Company's management and the Company's professional advisors, including legal counsel, and to fully consider each of the strategic alternatives available to the Company; and

**WHEREAS**, after careful consideration and deliberation among the members of the Board, the Board has determined, in its business judgment, that it is desirable and in the best interests of the Company and its stakeholders to consummate certain restructuring through the commencement of proceedings pursuant to Part 10 of the Israeli Insolvency and Financial Rehabilitation Law (2018) (the "***Israeli Insolvency Law***" and the "***Israeli Proceedings***", respectively) for the approval of the Debt Arrangement;

**NOW, THEREFORE, BE IT RESOLVED**, that the Debt Arrangement and the consummation of the Israeli Proceedings be, and hereby are, adopted, approved, ratified and confirmed in all respects;

**RESOLVED FURTHER**, that, the Board hereby approves the commencement by the Company in the District Court of Tel Aviv of the Israeli Proceedings, requesting the court, inter alia, to approve the Debt Arrangement;

**RESOLVED FURTHER**, that Mr. Oriel Bachar (the "***Authorized Officer***") be, and hereby is, authorized and directed, for and on behalf of the Company, to take all such action as the Authorized Officer deems necessary or desirable to commence and pursue implementation of the Debt Arrangement, including approvals of amendments, updates and changes to the Debt Arrangement that the Authorized Officer may deem necessary or desirable in order to facilitate the approval of the Debt Arrangement, through the Israeli Proceedings;

**RESOLVED FURTHER**, that the Board hereby authorizes, empowers and directs Meitar | Law Offices, one of the Company's external legal counsel, to execute and file the Israeli Proceedings, for and on behalf of the Company, and to take such actions as are necessary and appropriate, and to execute and deliver, for and on behalf of the Company, any and all petitions, schedules, statements, lists, motions, applications, and other papers, agreements, documents, instruments or other similar documentation in connection therewith; and

**RESOLVED FURTHER**, that the Authorized Officer is hereby authorized, empowered and directed to retain on behalf of the Company such professionals as he deems necessary, appropriate or desirable, upon such terms and conditions as he shall approve, to render services to the Company in connection with the Israeli Proceedings and with respect to other related matters in connection therewith.

## APPROVAL OF CHAPTER 15 PROCEEDINGS AND APPOINTMENT OF FOREIGN REPRESENTATIVE

**WHEREAS**, the Company desires to have the Israeli Proceedings recognized in any jurisdiction which is necessary or appropriate, including in the United States under chapter 15 of title 11 of the United States Code (the "***U.S. Bankruptcy Code***");

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby appoints Mr. Oriel Bachar as the foreign representative of the Company (the "***Foreign Representative***") to represent the Company seeking recognition of the Israeli Proceedings and to commence any proceeding in connection therewith in any jurisdiction which is necessary or appropriate, including in the United States pursuant to chapter 15 of the U.S. Bankruptcy Code (the "***Chapter 15 Case***"), to implement and give effect to the Israeli Proceedings, and to take all actions necessary and appropriate, and to execute, verify, and deliver, for and on behalf of the Company, any and all petitions, schedules, statements, lists, motions, applications, and other papers, agreements, documents and instruments and the like in connection therewith; and

**RESOLVED FURTHER**, that the Foreign Representative is hereby authorized, empowered and directed to retain on behalf of the Company such professionals as he deems necessary, appropriate or desirable, upon such terms and conditions as he shall approve, to render services to the Company in connection with any proceedings commenced in any jurisdiction in connection with the recognition of the Israeli Proceedings, including the Chapter 15 Case, and with respect to other related matters in connection therewith.

## GENERAL AUTHORIZING RESOLUTIONS

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officer, the Authorized Officer (and his designees and delegates) is hereby individually authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in the Authorized Officer's judgment, shall be necessary, advisable, convenient or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

**RESOLVED FURTHER**, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by the Resolutions of the Board.

[SIGNATURE PAGE FOLLOWS]

2

**IN WITNESS WHEREOF**, the undersigned have executed this Action by Written Consent of the Board of Directors, effective as of the date first set forth above. This action is effective, and the Resolutions herein are adopted as of the date first set forth above. The undersigned further directs that these resolutions be filed in the minute book of the Company with the minutes of the meetings of the Board. This Action by Written Consent of the Board of Directors may be executed in one or more counterparts (including by electronic means such as facsimile and electronic mail (including PDF)), each of which when so executed and delivered shall be deemed an original, and all of which when taken together shall constitute one and the same instrument.

Signed by:
_CEO Oriel Bachar_
2FAC463DBE284C9...

Oriel Bachar

July 29, 2026

Date

Signed by:
_Andrey Birman_
95602E722C3241C...

Andrey Birman

July 29, 2026

Date

DocuSigned by:
_Alex Liakhovetsky_
CD2A0F72D3BF4D9...

Alex Liakhovetsky

July 29, 2026

Date

Signed by:
_James King_
D781512EF0654A9...

James Kong

July 29, 2026

Date

*[Papaya Gaming Inc. / Signature Page to Board Resolution / Foreign Proceedings – July 2026]*
009415.00001/158555872v.2

**PAPAYA GAMING LTD.**
(THE "**COMPANY**")
UNANIMOUS WRITTEN RESOLUTION
OF THE BOARD OF DIRECTORS
July 28, 2026

The undersigned, comprising all of the members of the Board of Directors (the "***Board***") of the Company, acting by written resolution of the Board in lieu of a meeting of the Board pursuant to Section 103 of the Companies Law, 5759-1999, do hereby consent in writing to the following resolutions, which shall be deemed validly adopted and to have the same force and effect as if adopted at a duly called meeting of the Board.

1. **APPROVAL OF ISRAELI RESTRUCTURING PROCEEDINGS**

    **WHEREAS,** the Board has reviewed and considered the following:

    - The presentations by the Company's management and professional advisors, including outside legal counsel, regarding the liabilities and liquidity of the Company and the strategic alternatives available to it;

    - The proposed debt arrangement ("***Debt Arrangement***") to address the Company's outstanding liabilities;

    - The information and advice previously provided to and reviewed by the Board; and

    - The related matters reported on at meetings of the Board on and before the date hereof;

    **WHEREAS**, the Board has had the opportunity to consult with the Company's management and the Company's professional advisors, including outside legal counsel, and to fully consider each of the strategic alternatives available to the Company; and

    **WHEREAS**, after careful consideration and deliberation, the Board has determined, in its business judgment, that it is desirable and in the best interests of the Company and its stakeholders to consummate a restructuring through the commencement of proceedings pursuant to Part J of the Israeli Insolvency and Financial Rehabilitation Law, 5778-2018 (the "***Israeli Insolvency Law***" and the "***Israeli Proceedings***", respectively) for the approval of the Debt Arrangement;

    **NOW, THEREFORE, BE IT RESOLVED**, that the execution, delivery, and performance by the Company of the Debt Arrangement and the consummation of the Israeli Proceedings be, and hereby are, adopted, approved, ratified and confirmed in all respects;

    **RESOLVED FURTHER**, that, the Board hereby approves the commencement by the Company in the District Court of Tel Aviv of the Israeli Proceedings, requesting the court, inter alia, to approve the Debt Arrangement;

    **RESOLVED FURTHER**, that each of the officers of the Company be, and hereby is, authorized to take any actions and to approve any amendments, updates, and changes to the Debt Arrangement that such officer may deem necessary or appropriate in order to facilitate the approval of the Debt Arrangement, and any such action taken or change made thereafter is hereby approved by the Board; and

    **RESOLVED FURTHER,** that each of the Company's officers and directors be, and hereby is, authorized and directed to execute and deliver, on behalf of the Company, the Debt Arrangement and any and all agreements, exhibits, instruments, schedules, certificates, and documents as such person may deem reasonably necessary or appropriate to carry out the transactions contemplated by the Debt Arrangement, and to make all such arrangements, pay all such fees and expenses, do and perform all such acts and things, and take such other actions as such person may deem reasonably necessary or appropriate in order to effectuate the purpose and intent of the foregoing resolutions.

2. **APPROVAL OF CHAPTER 15 PROCEEDINGS AND APPOINTMENT OF FOREIGN REPRESENTATIVE**

    **WHEREAS**, the Company desires to have the Israeli Proceedings recognized in any jurisdiction which is necessary or appropriate, including in the United States under chapter 15 of title 11 of the United States Code (the "***U.S. Bankruptcy Code***");

- 1 -

**NOW, THEREFORE, BE IT RESOLVED**, that the Board hereby appoints Mr. Oriel Bachar as the foreign representative of the Company (the "***Foreign Representative***"), to represent the Company seeking recognition of the Israeli Proceedings and to commence any proceeding in connection therewith in any jurisdiction which is necessary or appropriate, including in the United States pursuant to chapter 15 of the U.S. Bankruptcy Code (the "***Papaya Ltd. Chapter 15 Case***"), to take all actions necessary and appropriate to commence the Papaya Ltd. Chapter 15 Case, to implement and give effect to the Israeli Proceedings, and to execute, verify, and deliver, for and on behalf of the Company, any and all petitions, schedules, statements, lists, motions, applications, and other papers, agreements, documents, instruments, and the like in connection therewith;

**RESOLVED FURTHER**, that the Foreign Representative be, and hereby is, authorized, empowered, and directed to retain, on behalf of the Company, such professionals as he deems necessary, appropriate, or desirable, upon such terms and conditions as he shall approve, to render services to the Company in connection with the Papaya Ltd. Chapter 15 Case and related matters;

**RESOLVED FURTHER**, that the Board hereby approves the appointment of the Foreign Representative as the foreign representative of Papaya Gaming Inc. (the "***Subsidiary***"), to represent the Subsidiary in seeking recognition of the Israeli Proceedings in the United States pursuant to chapter 15 of the U.S. Bankruptcy Code (the "***Papaya Inc. Chapter 15 Case***"), to take all actions necessary and appropriate to commence the Papaya Inc. Chapter 15 Case, to implement and give effect to the Israeli Proceedings, and to execute, verify, and deliver, for and on behalf of the Subsidiary, any and all petitions, schedules, statements, lists, motions, applications, and other papers, agreements, documents, instruments, and the like in connection therewith; and

**RESOLVED FURTHER**, that the Board hereby approves the retention by the Foreign Representative, on behalf of the Subsidiary, of such professionals as he deems necessary, appropriate, or desirable, upon such terms and conditions as he shall approve, to render services to the Subsidiary in connection with the Papaya Inc. Chapter 15 Case and related matters in connection therewith.

3. **GENERAL AUTHORITY**

**BE IT RESOLVED**, that each of the Company's officers be, and hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to take or cause to be taken any and all such further actions, to execute and deliver or cause to be executed and delivered all such other documents, instruments, and agreements, to make such filings, to incur and pay all such fees and expenses, and to engage such persons as he shall, in his judgment, determine to be necessary, desirable, or advisable to carry out fully the intent and purposes of the foregoing resolutions, and the execution by him of any such document, the payment of any such expense, the making of any such filing, or the doing by him of any such act in connection with the foregoing matters shall conclusively establish his authority therefor and the approval of the documents so executed, the expenses so paid, the filings so made, and the actions so taken.

**BE IT FURTHER RESOLVED**, that all actions previously taken by any of the Company's officers in connection with the foregoing resolutions be, and they hereby are, adopted, ratified, confirmed, and approved in all respects.

*[Signature Page Follows]*

**IN WITNESS WHEREOF,** the undersigned have executed this Unanimous Written Resolution of the Board of Directors of the Company, effective as of the date first written above.

Signed by:

*CEO Oriel Bachar*

2FAC463DBE284C9...

Oriel Bachar

Signed by:

*Andrey Birman*

95602E722C3241C...

Andrey Birman

DocuSigned by:

*Alex Liakhovetsky*

CD2A0F72D3BF4D9...

Alex Liakhovetsky

DocuSigned by:

B87B2CB67D8D499...

Gigi Levy

Signed by:

D10251A5278A437...

Omri Krigel

**Israeli Proceeding Case Docket**

**(Original Hebrew)**





חדל"ת 26-07-87154: פאפאייה ג'יימינג בע"מ ואח' נ... בקשה להסדר לפי חלק י' לחוק חדל"פ כב' השו' א. לושי-עבודי בית המשפט המחוזי בתל אביב -יפו ממתין למתן החלטה

| הדיון הבא | טרם נקבע |
| הדיון הקודם | טרם נקבע |

**החלטות בתיק**

לפרטים נוספים

| הורדה | צפייות במסמך | תקציר | מסמך | פירוט | גורם חותם | תאריך החלטה ↓ | שם החלטה |
|---|---|---|---|---|---|---|---|
| ☐ | 📄 | | 📑 | 📄 | איריס לושי-ע... | 30/07/2026 | החלטה על בקשה של מבקש 1 מתן הוראות / הבהרה |

פרטים כלליים

⊞ גורמים

פעילויות לצדדים

מועדי דיון

⊞ כתבי טענות

בקשות והוראות

בקשות לסעד זמני

בקשות אחרי סגירה

תצהירים

⊞ חוות דעת

**החלטות בתיק**

פסקי דין

⊞ פרוטוקולים

מוצגים

דיון מקדמי בין בעלי הדין

תיקים קשורים

⊞ תיק כספי

סיכומים

⊞ מזכירות

תיק נייר

**Israeli Proceeding Case Docket**

**(Certified English Translation)**



# NET HAMISHPAT

| Case Search ▼ | Open Case ▼ | Filings ▼ | Hearing Calendar ▼ | Decision Search | Payments ▼ | Attorneys' Area |

| ⊙ New Case | Court Case ▼ | Case No. 87154-07-26 | ○ Old Case: | Court: Court ▼ | Case Type: Case Type ▼ | Case No. ____-____ | Site |

⭐ **Insolvency Case 87154-07-26: Papaya Gaming Ltd et al. v. ... | Application for an arrangement under Part 10 of the Insolvency Law | The Hon. Judge I. Lushi-Abudi | Tel Aviv-Yafo District Court | Awaiting Decision**

Next Hearing        Previous Hearing
Not Yet Scheduled   Not Yet Scheduled

■ **More Details**

General Details
Parties  [+]
Party Activities
Hearing Dates
Pleadings  [+]
**Applications and Directions**
Applications for Interim Relief
Post-Closure Applications
Affidavits
Expert Opinions  [+]
Decisions in the Case
Judgments
Minutes  [+]
Exhibits
Preliminary Meeting Between Counsel
Related Cases
Financial Case  [+]
Closing Submissions
Registry  [+]
Paper File

## Applications and Directions

| Application Name | Date | Outcome | Applicants | Details | Document | Document Views |
|---|---|---|---|---|---|---|
| Application by Applicant 1 for an order concerning another office-holder | 30/07/2026 | | 👤 | 🪪 | 📰 | 🪪 |

Filter

1 to 1 out of 1    |◀ First    ◀◀ Previous Page    Page 1 of 1    Next Page ▶▶    Last ▶|



I, Victoria Costa, hereby certify that I am competent to translate from Hebrew to English and that the attached translation is, to the best of my knowledge and belief, a true and accurate translation of the document entitled "translation 1" from Hebrew to English.

Victoria Costa

_____
[name]

02 August 2026
[Date]

Next Hearing    Previous Hearing
Not Yet Scheduled  Not Yet Scheduled

◾ **More Details**

General Details

Parties  [+]

Party Activities

Hearing Dates

Pleadings  [+]

Applications and Directions

Applications for Interim Relief

Post-Closure Applications

Affidavits

Expert Opinions  [+]

**Decisions in the Case**

Judgments

Minutes  [+]

Exhibits

Preliminary Meeting Between
Counsel

Related Cases

Financial Case  [+]

Closing Submissions

Registry  [+]

Paper File

## Decisions in the Case

| Decision Name | Decision Date | Signatory | Details | Document | Summary | Document Views | Download |
|---|---|---|---|---|---|---|---|
| Decision on Application by Applicant 1 - Directions / Clarification | 30/07/2026 | Iris Lushi-Abudi | 🛈 | 📄 | | 🛈 | ☐ |

Filter



I, Victoria Costa, hereby certify that I am competent to translate from Hebrew to English and that the attached translation is, to the best of my knowledge and belief, a true and accurate translation of the document entitled "translation 2" from Hebrew to English.


Victoria Costa

_____

[name]

02 August 2026
[Date]

**Israeli Court's Ex Parte Stay Order**

**(Original Hebrew)**

החלטה

י"ח אב תשפ"ו 01/08/2026

בקשה 1 בתיק 26-07-87154

שופטת איריס לושי-עובדי

בשים לב להבהרה, ניתנות בזה ההוראות הבאות:

בהתאם לסעיף 319ה.(א) לחוק חדלות פירעון ושיקום כלכלי, התשע"ח-2018 (להלן: "החוק") המבקשות ימציאו לממונה ולנושים המהותיים ובכלל זה ל SKILLZ העתק מהבקשה לצו עיכוב הליכים זמני ומהמסמכים שצורפו לה, לתגובתם עד ליום 9.8.26 שעה 10:00.

מסירה אישית מיידית על-ידי המבקשות.

אף שהמבקשות עצמן ציינו בבקשה (סעיפים 20, 41-40) כי הליכי אכיפה וגביה ש SKILLZ נקטה בהם בארה"ב נכשלו עד כה, וההחלטה שניתנה באמצע חודש מאי 2026, כך שאין בשלב זה הליך אכיפה או גביה מיידי מבוקש לעכב (מעבר לקושי שבעיכוב הליך אכיפה המתנהל בארה"ב), הרי שהמבקשות מודעות כי אינן יכולות לפרוע את החוב כלפי SKILLZ ככל שחוב זה יהפוך לאכיף, וכן את יתר חובותיהם, וכי עדיין קיים קיים חשש להליכי אכיפה או גביה שיהיה בהם כדי לגרום נזק של ממש למבקשות כמפורט בסעיף 42 לבקשה.

לפיכך שוכנעתי כי קיים חשש סביר שהשהיית קבלת ההחלטה עד לאחר שמיעת הצדדים תסכל את מטרת הצו או תגרום למבקשות או מי מהן, נזק חמור.

אשר על כן ניתן בזה צו עיכוב הליכים זמני בהתאם לסעיף 319ז'.(ה) לחוק, שיעמוד בתוקפו עד לקבלת תגובות או עד להחלטה אחרת, או עד לדיון בבקשה שיתקיים בפניי ביום 16.7.26 שעה 10:00.

עם זאת, אציין כי המבקשות לא צרפו את החלטת בית-המשפט בארה"ב מה 15.5.26 המוזכרת בסעיף 41 לבקשה, או ההחלטות אחרות הקשורות להליך האכיפה, כך שלא ניתן לבחון האם אין במתן צו עיכוב ההליכים הזמני כדי לעכב הליכי ביצוע פסק הדין בארה"ב, וככל שננקטו הליכים נוספים כאלה, או לעמוד בסתירה להחלטות אחרות שניתנו במסגרת הליכים אלה.

עניין זה יובהר על-ידי המבקשות מיידית ועד ליום 4.8.26.

מבלי לגרוע מהאמור לעיל, אין בצו עיכוב ההליכים כדי לפגוע בזכותם של שחקנים לעשות ביתרות זכות שלהם, ככל שישנן, שימוש במהלך העסקים הרגיל.

ניתן בזאת צו איסור פרסום על תוכן הבקשה ועצם הגשתה, ועל ההחלטות שניתנו בגדר הליך זה עד כה, שיעמוד בתוקפו עד ליום 6.8.26 שעה 10:00.

לאחר פקיעת צו איסור הפרסום יפורסם דבר הגשת הבקשה בישראל, בארה"ב, ובאתר הממונה.

הודעת הבהרה בהמשך להחלטה מיום 30.7.2026

מעקב מזכירות.

**Israeli Court's Ex Parte Stay Order**

**(Certified English Translation)**

18 Av 5786 — 01/08/2026                          DECISION
Application No. 1 in Case No. 87154-07-26
Judge Iris Lushi-Abudi

In light of the clarification, the following directions are hereby issued:

Pursuant to Section 319C(a) of the Insolvency and Economic Rehabilitation Law, 5778–2018 (hereinafter: "the Law"), the Applicants shall serve on the Commissioner and the material creditors, including SKILLZ, a copy of the Application for a Temporary Stay of Proceedings and the documents attached thereto. Responses shall be submitted by 07.08.2026, at 10:00 a.m.

The Applicants shall effect immediate personal service.

Although the Applicants themselves stated in the Application (paragraphs 20 and 40–41) that the enforcement and collection proceedings initiated by SKILLZ in the United States were unsuccessful under a decision issued in mid-May 2026, such that there is currently no immediate enforcement or collection proceeding that the Applicants seek to stay (apart from the difficulty inherent in staying an enforcement proceeding pending in the United States), the Applicants acknowledge that they are unable to pay the debt owed to SKILLZ if that debt becomes enforceable, as well as their remaining debts. They further acknowledge that there remains a risk that enforcement or collection proceedings may be initiated that could cause the Applicants substantial harm, as detailed in paragraph 42 of the Application.

Accordingly, I am convinced that there is a reasonable concern that delaying a decision until after the parties have been heard would frustrate the purpose of the requested order or cause serious harm to the Applicants or any one of them.

A temporary stay of proceedings is therefore hereby entered pursuant to Section 319G(e) of the Law. The stay shall remain in effect until responses are received, until further order, or until the hearing on the Application before me on 16.07.2026, at 10:00 a.m.

Nevertheless, I note that the Applicants did not attach the 15.05.2026 decision of the United States court referenced in paragraph 41 of the Application, or any other decisions relating to the enforcement proceedings. It is therefore not possible to determine whether the temporary stay would stay proceedings to enforce the judgment in the United States, to the extent any such additional proceedings have been commenced, or whether it would conflict with other decisions issued in those proceedings.

The Applicants shall clarify this matter promptly and, in any event, no later than 04.08.2026.

Without limiting the foregoing, the stay of proceedings shall not impair the players' right to use, in the ordinary course of business, any credit balances they may have.

An order prohibiting publication is hereby entered with respect to the contents and filing of the Application and the decisions issued in this proceeding to date. The order shall remain in effect until 06.08.2026, at 10:00 a.m.

Upon expiration of the nonpublication order, notice that the Application has been filed shall be published in Israel, in the United States, and on the Commissioner's website.

Clerk's Office to monitor.



I, Victoria Costa, hereby certify that I am competent to translate from Hebrew to English and that the attached translation is, to the best of my knowledge and belief, a true and accurate translation of the document entitled "Order 1 - Decision on Motion for Temporary Relief" from Hebrew to English.

Victoria Costa

_____
[name]

<u>02 August 2026</u>
[Date]